NICKENS ET AL. *v.* BENSON ET AL.

[No. 18,772.   Filed February 16, 1956.   Rehearing denied
March 6, 1956.]

*Morton W. Newman, J. William Davidson,* of Evans-
ville, and *William Espenchied,* of Mt. Vernon, for ap-
pellants.

*Allyn & Hawley, Otis B. Allyn* and *K. Richard Hawley,* of Mt. Vernon, for appellees.

ROYSE, C. J.—This action involves the title to a three-sixty fourths interest in a certain oil and gas lease. It was stipulated by the parties that appellees are the owners of the fee simple title to the real estate involved in this action; that the appellants are "the owners, in fee simple of an undivided interest in and to the seven-eighths (7/8) working interest in a certain oil and gas lease" covering said real estate; that for the purpose of this action there is no issue as to appellants' title in the seven-eighths interest other than the three-sixty fourths interest which is the subject of this action.

Subsequent to appellants' acquisition of said lease they assigned a three-sixty fourths interest in said lease to one Russell E. Bauer and his wife Sallie J. Bauer. In January, 1952, a producing well was drilled on this property. On or about September 28, 1953, appellants purchased from said Bauers for the sum of $300 their three-sixty fourths interest in said lease and received from the Bauers their assignment of interest therein. Appellants were taking assignments from other people and they did not record the assignment from Bauers until about February 15, 1954. On or about October 15, 1953, said Bauers executed an assignment of their interest in said lease to appellees. This assignment was recorded about October 22, 1953. It is undisputed appellees paid no cash to Bauers.

Appellant brought this action to quiet their title to said lease. Appellees denied the allegations of appellants' complaint and by way of affirmative answer asserted title by reason of the assignment from Bauers to them averring that the valuable consideration Bauers received was avoidance of liability for damages for non-development of said leasehold and relief from being

required to share in the expense of drilling additional wells on said property. The assignment from Bauers to appellees is made a part of the pleadings. Prayer that their title in said leasehold be quieted.

The original lease between appellees' predecessor in title and appellants is not a part of the record in this case.

Trial to the court resulted in findings against appellants on their complaint and in favor of appellees on their affirmative paragraph of answer. Judgment accordingly. The error assigned here is the overruling of appellants' motion for a new trial. The specifications of that motion are that the finding and decision are not sustained by sufficient evidence and are contrary to law.

It is undisputed that the appellants paid the Bauers three hundred dollars for the assignment of their interest made September 28, 1953. It is also undisputed this was the fair value of said three-sixty fourths interest in said lease.

Appellees, in their affirmative answer, as heretofore indicated, assert the only consideration they gave the Bauers for the assignment of October 15, 1953, to them was relief from liability for damages for non-development of the lease and relief from being required to share the expense of drilling additional oil wells on said property.

It is obvious the only interest, obligation or liability of the Bauers under the assignment to them from appellants was that granted and imposed by the terms of the original lease for the undivided seven-eighths interest to appellants. That lease not being before us, we do not know its terms and therefore there is no evidence in the record that Bauers were, at the time of said assignment, liable for damages for non-develop-

ment of the leasehold, or required to drill additional wells on the property. Therefore, appellees have wholly failed to establish a valuable consideration for the assignment to them.

The judgment against appellants on their complaint and in favor of appellees on their affirmative answer is reversed with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 132 N. E. 2d 148.